**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. CV-05-0495 JC/ACT
                                                        CR-01-1317 JC

GENEVIEVE HERNANDEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 105) filed May 2, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Also before the Court are Defendant's motion for leave to proceed in forma pauperis ("IFP") (CV Doc. 1; CR Doc. 106) filed May 2, 2005, and motion to reconsider sentence (CR Doc. 104) filed February 23, 2005, only in the criminal proceeding. Defendant was convicted of drug charges, and on April 28, 2004, the Court entered judgment on her conviction. She did not appeal her conviction or sentence. Defendant was found indigent in this criminal proceeding, and the IFP motion will be denied as moot.

       In her motion to reconsider sentence, Defendant presents no statutory basis for the relief sought. This Court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947-48, 949 (10th Cir.1996)). As stated recently by the Court of Appeals for the Tenth Circuit, "When a 'motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion

depends entirely on 18 U.S.C. § 3582(c).' Section 3582(c) allows the court to modify a sentence in only three limited circumstances, including: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission." *United States vs. Garcia-Emanuel*, No. 04-5030, 2004 WL 2352111, at \*\*2 (10th Cir. Oct. 20, 2004) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)). Here, no relief is available under the provisions of § 3582. The motion to reconsider sentence will be denied.

In her § 2255 motion, Defendant invokes the Supreme Court's recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging her sentence. *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 2536. In *Blakely* the Court set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See* 124 S. Ct. at 2538. The more recent decision in *Booker*, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of her criminal conviction. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, at \*2 (10th Cir. May 25, 2005) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).

Defendant's conviction became final when the Court entered judgment on April 28, 2004,[1] and she may not obtain relief under the *Blakely* and *Booker* rulings in this collateral proceeding. Defendant is not entitled to relief under these decisions, *see* § 2255 R. 4(b), and the Court will dismiss her motion.

IT IS THEREFORE ORDERED that Defendant's motion for leave to proceed in forma pauperis (CV Doc. 1; CR Doc. 106) filed May 2, 2005, is DENIED as moot;

IT IS FURTHER ORDERED that Defendant's motion to reconsider sentence (CR Doc. 104) filed February 23, 2005, is DENIED;

IT IS FURTHER ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 105) filed May 2, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Even if the time for filing an appeal postponed the finality of the Defendant's conviction, *see United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000) ("[Conviction] could also become final when . . . the time for an appeal expires."), her case was not pending or on direct review when *Booker* was decided on January 12, 2005.